IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONYA COLLINS, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF LOGAN COLLINS,

    Plaintiff/Counter-Defendant,

vs.                                                                       No. 10cv0529 DJS/LFG

CALIFORNIA CASUALTY INDEMNITY
EXCHANGE,

    Defendant/Counter-Plaintiff.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the parties' cross-motions for summary judgment. Plaintiff filed her motion for summary judgment **[Doc. No. 19]** on September 24, 2010, and filed her Notice of Completion on October 25, 2010, giving the Court notice that briefing was complete as to her motion. Counterclaimant California Casualty Indemnity Exchange (hereinafter "CCIE") filed its motion for summary judgment **[Doc. No. 18]** on September 24, 2010, and filed its Notice of Completion on October 21, 2010.

This is a Declaratory Judgment action. The parties seek a declaratory judgment as to the parties' rights and responsibilities under an automobile insurance policy issued by CCIE to Plaintiff. CCIE seeks a declaration that it "is entitled to apply the dollar-for-dollar statutory offset to uninsured/underinsured (UIM) coverage limits under the auto policy issued by CCIE to Plaintiff Tanya Collins, for the $500,000.00 settlement [she] obtained for claims against the County of Los Alamos/Atomic City Transit, and its employee bus driver for the death of Plaintiff's son, L.C." CCIE's Mot. Summ. J. at 1. On the other hand, Plaintiff seeks a

declaration that CCIE is not entitled to a statutory offset and must pay her benefits under her UIM coverage. Because the Court concludes that New Mexico law requires such an offset, CCIE's motion for summary judgment will be granted, and the Court will enter a declaratory judgment in favor of CCIE.[1] The Court will deny Plaintiff's motion for summary judgment.

## I. Background

The facts in this case are undisputed. *See* Doc. No. 11, Joint Status Report, Stipulations. On November 8, 2009, at approximately 5:51 p.m., L.C., Plaintiff's twelve year old son, was a passenger on an Atomic City Transit bus. Atomic City Transit is the public transportation system for the County of Los Alamos. John Danforth, a Los Alamos County employee, was driving the bus. L.C. was on his way to basketball practice and got off the bus across from Los Alamos Middle School. After L.C. got off the bus and while attempting to cross the street, Rollin Jones struck L.C. with his vehicle. L.C. died as a result of injuries he sustained.

Danforth received citations for stopping on a crosswalk and for not stopping in a properly designated bus stop. Jones received citations for an expired vehicle registration and no current proof of insurance. Along with Jones's negligence, the County of Los Alamos/Atomic City Transit and John Danforth are concurrent tortfeasors whose negligence contributed to the accident and L.C.'s death.

At the time of the accident, Plaintiff's auto insurance policy with CCIE was in effect. The policy provided UIM bodily injury coverage of $100,000.00 per person. Plaintiff has two vehicles with CCIE. Accordingly, the policy provided stacked limits of UIM coverage of

---

[1] There is no dispute that this case is governed by the law of New Mexico as the Court's jurisdiction rests upon diversity of citizenship under 28 U.S.C. §1332.

$200,000.00 per person. L.C. was a resident of the Collin's household and thus covered under the UIM motorist coverage.

On the week of March 29, 2010 through April 2, 2010, Plaintiff and the County of Los Alamos held a mediation. The mediation resulted in a $500,000.00 settlement of Plaintiff's claims individually and as personal representative of the Estate of L.C. with th County of Los Alamos, Atomic City Transit, and John Danforth. An insurance policy funded Plaintiff's settlement with the County of Los Alamos/Atomic City Transit and John Danforth.

## II.  Standard of Review

The Court will grant summary judgment when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. FED.R.CIV.P 56(c). The movant carries the burden of establishing there are no genuine issues of material fact, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1609 (1970), but may discharge its burden by showing there is an absence of evidence to support the non-movant's case, *Celotex Corp. V. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986). Once the movant meets its burden, the burden shifts to the non-movant to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

In making its summary judgment determination, the court looks at the pleadings and documentary evidence in the light most favorable to the non-movant, *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir. 1991), and the movant must show beyond a reasonable doubt it is entitled to summary judgment, *Hicks v. City of Watonga, Okla.*, 942 F.2d 737, 743 (10th Cir. 1991). However, once the burden shifts to the non-movant, that party may not rest on its pleadings but must set forth specific facts showing there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. *Celotex*

*Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553.  Nonetheless, "the mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10 (1986).  If the non-movant cannot make such a showing after adequate time for discovery, summary judgment is mandated.  *Celotex Corp.*, 477 U.S. 322, 106 S.Ct. at 2552.  The Court will consider the parties' cross-motions for summary judgment in light of these standards.

### III.  Discussion

The issue presented in this case is whether the amount due to Plaintiff under the uninsured motorist coverage portion of the insurance policy ($200,000.00) should be offset by the amount of liability insurance proceeds ($500,000.00) Plaintiff received in the settlement with the County of Los Alamos, Atomic City Transit and Danforth.  If so, CCIE owes no UIM coverage to Plaintiff.

CCIE argues that under *Schmick v. State Farm Mutual Auto. Ins. Co.*, 103 N.M. 216, 704 P.2d 1092 (1985), and *Fasulo v. State Farm Mutual Automobile Insurance Co.*, 108 N.M. 807, 780 P.2d 633 (1989) it is entitled to the offset.  "*Schmick* and *Fasulo* hold that the present statute means an insured may recover his uninsured/underinsured coverage less all liability insurance proceeds received from concurrent tortfeasors."  *American States Insurance Co. v. Frost*, 110 N.M. 188, 189, 793 P.2d 1341, 1342 (1990).

Plaintiff cites to *American Mutual Insurance Co. v. Romero*, 428 F.2d 870 (10th Cir. 1970) to support her position that CCIE is not entitled to the offset.  In that case, Romero was a passenger in a car that was struck by another car.  The insurer of the car in which Romero was a passenger paid $25,000 in liability insurance benefits to Romero to settle the action Romero filed.  The other driver was uninsured; Romero sought payment from his own insurer pursuant to

his policy's uninsured motorist clause. His insurer sought a declaratory judgment that it owed nothing to Romero because Romero's $20,000 uninsured motorist limits had been surpassed by the $25,000 he had already received.

The Tenth Circuit Court of Appeals ruled that Romero's insurer could not reduce the amount due Romero under his uninsured motorist coverage by the $25,000 received from the insured driver. Although Romero's insurance policy required such a reduction, the court concluded there was minimum statutory coverage for uninsured motorists which could not be reduced by reimbursements from an insured tortfeasor. *Romero*, 428 F.2d at 872.

*Romero* certainly supports Plaintiff's position. However, in *Frost*, Plaintiff also relied on *Romero* to support her position that she was entitled to seek the $25,000 <u>uninsured</u> motorist benefits under her own policy with American States Insurance Company even though she had received $26,000 from the <u>underinsured</u> driver that caused the accident. Plaintiff argued that the accident was caused in part by an unknown truck driver who left the scene of the accident. Citing to §66-5-301, the New Mexico Supreme Court found the phantom truck driver was uninsured by virtue of having left the scene of the accident. Nonetheless, the court held that the insurer was not required to pay uninsured motorist coverage when the amount the Plaintiff collected from the underinsured driver exceeded the amount of her uninsured motorist coverage. *Id.* at 189. The court reasoned that because New Mexico's uninsured motorist statute includes underinsured motorist coverage as part of the uninsured coverage and were not distinct options available for an additional premium, UIM coverage did not apply separately to each concurrent tortfeasor when one is underinsured and one is uninsured. *Id.* at 190.

The court made clear that "[New Mexico's] present statutory scheme, and the one considered in *Fasulo* and *Schmick* is significantly different from that considered in *[Romero]*."

*Id.*  The court opined that the difference was critical to the statute's construction, and noted that under the holdings in *Schmick* and Fasulo "an insured may recover his unisured/underinsured coverage **less all liability insurance proceeds received from concurrent tortfeasors**."  *Id.* at 190 (emphasis added).  Accordingly, *Romero* is inapplicable to this case.

Plaintiff, however, argues that "the New Mexico Courts would not decide the issue [addressed in *Frost*] the same today."  Pl.'s Mot. Summ. J. at 14.  Plaintiff thus argues that "if the New Mexico Supreme Court would decide differently today, this Court should decide that way." *Id.*  The Court will not do so.  Under New Mexico's uninsured motorist statute and caselaw, CCIE is entitled to the offset.  Thus, because Plaintiff may recover her UIM coverage, $200,000.00, less all liability insurance proceeds received, $500,000.00, CCIE owes nothing to Plaintiff in UIM coverage.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that California Casualty Indemnity Exchange's Motion for Summary Judgment **[Doc. No. 18]** is **GRANTED**, and final declaratory judgment will be entered in favor of California Casualty Indemnity Exchange.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 19]** is **DENIED.**

_____
**DON J. SVET**
**United States Magistrate Judge**